Peter, a Slave, *v.* The State, 3 Howard, 433.

### Murder.

Where it appears that neither the witness nor any one else, at the time, placed any particular motive of temporal advantage or fear before the mind of the prisoner, but simply told him to tell all he knew concerning the murder of the deceased, and he then, without any compulsion or any promise, made his statements, they were held to be competent evidence to go to the jury, It is a well-settled rule, and it must clearly appear to the court, in order to exclude them, that the confessions were superinduced by promises of temporal advantage or threats of temporal punishment. 2 Starkie, 27.

Where the record shows that the indictment was found and returned into court by the whole panel, the special appointment of a foreman is not necessary.[1] The indictment, however, will be fatally defective if it have not the name of the prosecutor endorsed upon it.[2]

Where the appellate court reverses the judgment of the court below for the want of form in the indictment, the indictment will be considered sufficient *prima facie* evidence of guilt to remand the prisoner.[3]

Error to Franklin circuit court.

*Vannerson & Baker* for plaintiff in error.

*Thomas F. Collins*, attorney general.

Trotter, J.:

This was an indictment for murder, found in the circuit court of Franklin county. There are numerous errors assigned as grounds for reversing the judgment of the court below, none of which, however, we deem necessary to notice, except the following:

1. That the court below improperly admitted the confessions of the prisoner.

2. That the juror, whose name appears endorsed on the bill of indictment as foreman of the grand jury, was not appointed or designated as such by the court.

3. That the name of the prosecutor is not endorsed upon the indictment.

1. The grounds in support of the first objection, are disclosed in the bill of exceptions. A witness was introduced to prove certain confessions made by the prisoner of his guilt, and his

---

[1] Friar v. State, 3 How., 422; Wharton Am. Cr. Law, 502, and cases cited in note.

[2] Cody v. State, 3 How., 433.

[3] Indictment is *prima facie* evidence of guilt. See Street v. State, 43 Miss., 1, and cases cited in note.

testimony was objected to on the ground that the prisoner, at the time of making the confessions, was in custody, and surrounded by an exasperated crowd, and that he was under the influence of hope of being benefited by the confessions. But it is not stated that the witness to the confessions, or any one else, at the time placed any particular motive of temporal advantage or punishment before the mind of the prisoner. The witness simply told him to tell him all he knew concerning the murder of the deceased. He then, without any compulsion, or promise, made his statements. It is impossible to decide upon the force of this objection under this bill of exceptions. The statements made by the prisoner are not embodied in the bill. It merely avers that they were such as tended to establish his guilt. But it does not appear whether they were naked confessions of guilt, or whether they disclosed facts which proved the confession to be true. The rule is well-settled on this subject, and it must appear clearly to the court, in order to exclude them, that the confessions were superinduced by promises of temporal advantage or threats of temporal punishment. 2 Starkie, 27. But it does not appear that such was the case here.

2. It is objected that there was no foreman of the grand jury. To this we answer that the bill of indictment was found and returned into court by the whole panel of the jury, and this is sufficient.

3. The third and last objection has already been decided by this court, and held to be fatal. The name of the prosecutor must be marked on the bill of indictment.

The judgment of the court below must, therefore, be reversed, the indictment dismissed, and, as the indictment is merely defective in point of form, and affords *prima facie* evidence of the guilt of the prisoner, he must be remanded for further proceedings.